[No. 22485-2-II.    Division Two.    March 12, 1999.]
WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION, *Respondent*, v. LOWELL HAUGEN, *Appellant*.

*Bernard A. Clark*, for appellant.

*James K. Sells* of *McCluskey Sells Ryan Uptegraft & Decker*; and *Christine O. Gregoire, Attorney General*, and *Ann E. Rendahl, Assistant*, for respondent.

MORGAN, J. — At the behest of Washington Utilities and Transportation Commission (WUTC) and others, the Pierce County Superior Court enjoined Lowell Haugen, d/b/a Medical Waste Systems Management, from transporting biomedical waste without a permit. Haugen appeals, claiming that the Federal Aviation Administration Authorization Act of 1994 (FAAA) preempts the WUTC from regulating the transportation of biomedical waste. We affirm.

Since 1990, Haugen has collected biomedical waste from about 30 clinics, doctors, dentists, and veterinarians in King, Snohomish and Clark Counties. He transports the waste to Spokane, where 20-30 percent of it is recycled by Medical Resource Recycling Systems, an independent business. The remainder goes to a landfill.

In May and July 1994, the WUTC held a hearing to determine whether Haugen could lawfully operate without a permit. An administrative law judge (ALJ) ruled that he could not. The ALJ did not consider the FAAA, because the FAAA was not passed until August 1994, and was not effective until January 1995.

Haugen appealed the ALJ's ruling to the WUTC. The FAAA took effect while the appeal was pending, and the parties briefed whether it preempted the WUTC's ability to regulate Haugen's business. The WUTC affirmed the appeal on procedural grounds. It commented, however, that the FAAA did not preempt its ability to regulate Haugen's business. On April 25, 1995, the WUTC entered a final order, from which Haugen did not appeal.

In August 1996, the WUTC sued to enjoin Haugen from continuing to operate without a permit.[1] In October 1997, after briefing and argument, the superior court granted an

---

[1] In September 1996, the Washington Refuse and Recycling Association and BFI Medical Waste Systems of Washington joined the action as plaintiffs. For convenience, we refer only to the WUTC.

injunction. It also adopted the WUTC's findings that Haugen was a transporter of biomedical waste; that he was required by state law to have a permit; and that the FAAA did not preempt the WUTC from enforcing state law. Haugen then filed this appeal, in which he argues that the FAAA preempts the WUTC from regulating his business.

The WUTC argues preliminarily that res judicata or collateral estoppel precludes Haugen from now litigating whether the FAAA preempts the WUTC from regulating his business. This is true, the WUTC says, because Haugen failed to appeal its final order of April 25, 1995. Because the WUTC's comments on preemption may not have been necessary to its April 25 order, we assume that Haugen is not precluded.

We turn, then, to whether the FAAA preempts the WUTC from regulating Haugen. Enacted in 1994 and effective in 1995, 49 U.S.C. § 14501(c) provides in part:

> [A] State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

In 1965, long before 49 U.S.C. § 14501(c) was adopted, the Interstate Commerce Commission (ICC) decided *Joray Trucking Corp. Common Carrier Application*,[2] which dealt with the transportation of debris from demolished buildings. The ICC stated in part:

> Here, the debris, although it may ultimately serve a purpose in helping to fill wasteland, is not purchased from the contractors who desire its removal and to them it has a negative value as a commodity. . . . The contractors are not concerned with any beneficial ownership of the debris, they do not select the destination to which it is to be taken, and it would appear that they relinquish any nominal ownership of the commodity at

[2] 99 M.C.C. 109 (1965).

the time it is loaded and removed from the demolition or excavation site. Thus, we are inclined to conclude that the commodity does not have the attributes commonly associated with the word property.[3]

Congress did not intend to alter this ruling when it enacted 49 U.S.C. § 14501(c). As its conferees stated in their Conference Report:

The conferees further clarify that the motor carrier preemption provision does not preempt State regulation of garbage and refuse collectors. The managers have been informed by the Department of Transportation that under ICC case law, garbage and refuse are not considered "property." Thus garbage collectors are not considered "motor carriers of property" and are thus unaffected by this provision.[4]

Like the debris from a demolished building, biomedical waste is a form of garbage. Congress did not intend it to be "property" within the meaning of 49 U.S.C. § 14501(c). Thus, Congress did not preempt the WUTC's ability to regulate Haugen's business, and the superior court did not err by enjoining Haugen from operating without a permit.

Affirmed.

BRIDGEWATER, C.J., and HOUGHTON, J., concur.

---

[3]*Joray Trucking*, at 110.

[4]H.R. CONF. REP. No. 103-677, at 85 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1754, 1757. *See also Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson*, 48 F.3d 391, 398 (9th Cir.), *cert. denied*, 515 U.S. 1143 (1995) ("Congress has explicitly found that the field of solid waste collection is properly subject to state regulation," and "the collection and disposal of solid waste should continue to be primarily the function of State, regional, and local agencies" under 42 U.S.C. § 6901(a)(4)).